**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
LOURDES CINTRON, :

                  Plaintiff, :

              -against- : MEMORANDUM DECISION
                                         AND ORDER
COMMISSIONER OF SOCIAL SECURITY : 09 Civ. 9039 (GBD)(KNF)
ADMINISTRATION,
                                         :
            Defendant.
------------------------------------- X

GEORGE B. DANIELS, District Judge:

    Pro se plaintiff Lourdes Cintron brings this action, alleging that the Commissioner of the Social Security Administration ("Commissioner") violated her Fifth Amendment due process rights. Plaintiff originally sought (1) an injunction to stop the Commissioner from issuing a decision to withhold Plaintiff's benefits in their entirety to recover $26,340.20 which the Social Security Administration ("SSA") alleged was an overpayment to her; and (2) to compel the Commissioner to provide a hearing with an Administrative Law Judge ("ALJ") regarding the SSA's decision to terminate her disability benefits. Subsequent to filing this action, Plaintiff received a hearing on the alleged overpayment before an ALJ, who issued a decision waiving the overpayment, which moots Plaintiff's request for injunctive relief.

    The Commissioner moved to dismiss this action for lack of subject matter jurisdiction. The Commissioner argues that because plaintiff did not receive a final decision from the Commissioner made after a hearing, she did not exhaust her administrative remedies.[1] Thus, the Commissioner contends that sections 205(g) and (h) of the Social Security Act limit judicial review of Plaintiff's claims, until she has received a final decision from the SSA.

---

[1] The portions of the Commissioner's motion to dismiss addressing Plaintiff's request for injunctive relief are now moot and need not be addressed.

The Commissioner also argues that no basis exists for Plaintiff's assertion of a Fifth Amendment due process violation. The Commissioner contends that Plaintiff has not identified in any respect that her due process rights were violated in the course of the administrative process, nor could she, because she "received all the process available under the Social Security Act and the SSA regulations." Plaintiff filed an opposition to the Commissioner's motion.

The matter was referred to Magistrate Judge Kevin N. Fox for his Report and Recommendation ("Report"). Magistrate Judge Fox recommended that the Commissioner's motion to dismiss be denied because subject matter jurisdiction exists pursuant to 28 U.S.C. § 1361 ("the Mandamus Act"). Magistrate Judge Fox also recommended that a writ of mandamus issue, directing the Commissioner to conduct a hearing to separately address its disability benefits cessation decision, made on August 24, 2004, as well as other pertinent issues resulting from it.

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F.Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y.1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir.1983)). When no objections to a Report are made, the Court may adopt the Report

2

if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F.Supp. 2d 250, 253 (S.D.N.Y. 2005) (internal citation omitted).

In his report, Magistrate Judge Fox advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Commissioner objected to the Report only to the extent that the Magistrate Judge wrote that certain representations made by the Commissioner "are not in consonance with the obligations imposed on him by Rule 11(b) of the Federal Rules of Civil Procedure." No objections were filed as to any of the Magistrate Judge's other determinations and recommendations. As there is no clear error with respect to the portions of the Report that no party objected to, those portions of the Report are adopted. It is unnecessary to adopt the objected to portion of the Report regarding the Commissioner's Rule 11(b) obligations. That issue is irrelevant to the determination of the merits of this dispute.

Magistrate Judge Fox properly found that subject matter jurisdiction exists over this case pursuant to the Mandamus Act. The Second Circuit has held that the Social Security Act does not bar federal courts from exercising subject matter jurisdiction pursuant to the Mandamus Act, which grants district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; City of New York v. Heckler, 742 F.2d 729, 739 (2d Cir. 1984). Plaintiff seeks to compel the Commissioner, an officer of the United States, to perform statutorily prescribed duties owed to her including, inter alia: (a) permitting her to present evidence to correct erroneous information that formed the basis of an August 24, 2004 determination ending her disability benefits; (b) providing proper notices to her, including due

process notices; and (c) providing her a hearing. Plaintiff's claim falls squarely within this Court's subject matter jurisdiction under the Mandamus Act.

Magistrate Judge Fox properly found that a writ of mandamus should issue to compel the Commissioner to respond to Plaintiff's request for a hearing in connection with the August 24, 2004 decision terminating her disability benefits. Mandamus jurisdiction applies where "(1) [plaintiff has] a right to have the act performed, (2) the defendant is under a clear nondiscretionary duty to perform the act requested, and (3) plaintiff has exhausted all other avenues of relief." Heckler, 742 F.2d at 739. Plaintiff has clearly demonstrated all three of these requirements with respect to her request for a hearing in connection with her disability benefits cessation determination.

The rules governing a hearing before an administrative law judge, promulgated pursuant to the Social Security Act, state that a hearing before an administrative law judge may be requested if the agency made, inter alia: (1) a reconsidered determination; (2) a revised reconsidered determination; and (3) an initial determination denying waiver of recovery of an overpayment based on a personal conference. 20 C.F.R. § 404.930(a). Pursuant to the regulations, the Commissioner has a nondiscretionary duty to hold a hearing, once it is requested in writing. See id. On December 30, 2008, Plaintiff requested, in writing, a hearing in connection with the Commissioner's denial of a reconsideration of the August 24, 2004 decision terminating her disability benefits. Plaintiff never received a hearing or a response to that request. Thus, Plaintiff has demonstrated her right to have the Commissioner perform this nondiscretionary duty.

Finally, Plaintiff has demonstrated that she exhausted all other avenues of relief. Plaintiff has attempted numerous times, since 2004, either in writing or in person, to address alleged

4

errors made by the Commissioner, to no avail. Plaintiff's allegations are detailed and she has provided documentary evidence in support of her claims. The manner in which the Commissioner terminated Plaintiff's benefits without a hearing, and the misplacement of her case file, does not comport with due process.

## CONCLUSION

Defendant's motion to dismiss is DENIED. A writ of mandamus shall issue, directing the Commissioner to conduct a hearing to address the issue of Plaintiff's disability benefits cessation determination, made on August 24, 2004, as well as other pertinent issues resulting therefrom. The Clerk of the Court is directed to close this case.

Dated: New York, New York
       January 18, 2013

SO ORDERED:

_/s/ George B. Daniels_
GEORGE B. DANIELS
United States District Judge

5